804 P.2d 325

**Michael ROSS, Plaintiff–Appellant,**

v.

**COLEMAN COMPANY, INC.; Coast Catamaran Corporation, a corporation, Defendants–Respondents.**

**No. 18085.**

Supreme Court of Idaho, Twin Falls, November 1990 Term.

Jan. 16, 1991.

Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, for appellant. Ray Keith Roark argued, Hailey.

Imhoff & Lynch, Boise, for respondents. James B. Lynch argued, Boise.

McDEVITT, Justice.

Ross appeals the award of costs made in favor of respondents upon remand of *Ross v. Coleman Company Inc.*, 114 Idaho 817, 761 P.2d 1169 (1988).

Ross brought an action against Coleman Company and Coast Catamaran Corporation for personal injuries resulting from an accident. A jury trial was held before Judge Ronald Bruce. The trial court entered a special verdict awarding judgment to Ross and attorney fees against Coleman and Coast. There were two oral arguments on appeal to the Idaho Supreme Court. Upon remand, the respondents were awarded costs as a matter of right of

approximately $16,000 and discretionary costs of approximately $42,000 pursuant to Rule 54(d)(1) by Judge J. William Hart.

The parties in this case were found to be negligent as follows: (1) Michael Ross 10%; (2) Coast Catamaran 10%; and (3) Coleman 5%.[1] The appellant asserts that it was error to not aggregate the negligence of Coleman and Coast thereby making them collectively more negligent than the appellant. This issue was addressed the first time this case came before us, and the trial court properly followed our instructions and did not aggregate the negligence of Coleman and Coast.

Upon remand, the trial court, in its Opinion and Order, found the respondents to be the prevailing parties under I.R.C.P. 54(d)(1), "based upon the simple fact that defendants successfully litigated this action and prevailed in their defense." This was within the discretion of the trial court. Rule 54(d)(1)(B) states:

> The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

The court then went on to award both costs as a matter of right and discretionary costs to the respondents under Rule 54(d)(1)(C) and (D). The appellant asserts that this award was an abuse of discretion because the court did not make its findings with great detail. The flaw in this argument is apparent upon a careful reading of the rule. The rule states:

> The trial court, in ruling upon objections to such discretionary costs contained in the memorandum of costs, shall make express findings as to why such specific item of discretionary cost should or should not be allowed.

I.R.C.P 54(d)(1)(D).

The rule contemplates the trial court making specific findings based upon specific challenges. It is axiomatic that in order to rule on individual items the court must

---

1. Idaho Power Company was found to be 75% negligent, but is not a party to this action.

first know which items the appellant finds objectionable. In this case, the court was ruling on a global objection, which stated:

> This Motion is based upon the fact that the Defendants are not entitled to the costs requested in their Amended Memorandum of Costs. Objection is made as to costs claimed as a matter of right; to the discretionary costs; and that the Amended Memorandum of Costs is not timely and is not in compliance with the Idaho Rules of Civil Procedure.

The court's ruling was sufficiently specific to deal with the objection made. The trial court is not required to analyze every element of possible objection in response to a nonspecific objection.

Idaho Rule of Civil Procedure 54(d)(1)(D) requires that the costs be "necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." Here, the trial court analyzed the costs, in detail, as required, and found that they met these elements. This was a correct, adequate analysis of the rule.

Accordingly, we find no abuse of discretion and affirm the decision of the trial court.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.